UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MUHAMMAD HANIF,

        Petitioner,

                                                                                                   Case Number 04-10063-BC

v.                                                                                         Honorable David M. Lawson

WILLIAM CLEARY, Acting Field Office
Director of the UNITED STATES BUREAU
OF IMMIGRATION AND CUSTOMS
ENFORCEMENT, and JOHN ASHCROFT,

        Respondents.
_____/

**ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE COURT OF APPEALS PURSUANT TO PUB. L. NO. 109-13**

On March 10, 2004, Muhammad Hanif filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a report and recommendation, and an amended report dated February 2, 2005, recommending that the Court deny the petition. The petitioner timely filed objections. On May 24, 2005, the respondents filed a "Notice of Applicability of Public Law 109-13" suggesting that the Court transfer this matter to the Sixth Circuit Court of Appeals.

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005." Pub. L. No. 109-13, 119 Stat. 231 (2005). The Act amends portions of the Immigration and Nationality Act, 8 U.S.C. § 1252, and contains provisions for judicial review of petitions for habeas corpus challenging administrative orders of removal, deportation, or exclusion. *see* § 106, 119 Stat. at 310-11. The Immigration and Nationality Act as amended provides that federal appellate courts shall

have exclusive jurisdiction over petitions for review of orders of removal, as follows:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).  The Court now lacks jurisdiction to decide petitions such as the one presently before it.  Moreover, that the public law amending the Immigration and Nationality Act directs district courts to transfer to the applicable court of appeals pending petitions for habeas corpus challenging a final administrative order of removal, deportation, or exclusion.  The law provides:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

§ 106, 119 Stat. at 311.  The Immigration and Nationality Act defines the proper venue for a petition for review as "the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings."  8 U.S.C. § 1252(b)(2).

An immigration judge in Cleveland, Ohio completed the proceedings on the petitioner's request for an adjustment of status under the Immigration and Nationality Act. The immigration judge issued the final administrative order finding that "[b]ased upon the respondent's admissions and other evidence of record, the Court finds that removability is established by clear and convincing evidence." The petition brought pursuant to 28 U.S.C. § 2241 only challenges the final administrative order of removal. Upon consideration, the Court shall transfer this matter to the Court of Appeals for the Sixth Circuit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is vacated, set aside, and held for naught.

It is further **ORDERED** that the Clerk shall transfer the petition for writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit pursuant to section 106 of the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 20, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 20, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

---